No. 26-1027

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

CALIFORNIA DEPARTMENT OF MOTOR VEHICLES

PETITIONER,

v.

UNITED STATES DEPARTMENT OF TRANSPORTATION;
SEAN DUFFY, in his official capacity as Secretary of the Department of Transportation; FEDERAL MOTOR CARRIER SAFETY ADMINISTRATION; DEREK BARRS, in his official capacity as Administrator of the Federal Motor Carrier Safety Administration

RESPONDENTS.

_____

## PETITION FOR REVIEW

_____

ROB BONTA
  *Attorney General of California*
THOMAS S. PATTERSON
  *Senior Assistant Attorney General*
R. MATTHEW WISE
SETH E. GOLDSTEIN
  *Supervising Deputy Attorneys General*

KRISTEN C.A. KIDO
SHIWON CHOE
BARBARA HORNE-PETERSDORF
JOSEPH H. MEEKER
DAVID S. GREEN
JAY C. RUSSELL
  *Deputy Attorneys General*
STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 510-3617
Fax: (415) 703-5480
Jay.Russell@doj.ca.gov
  *Attorneys for Petitioner*
  *California Department of Motor Vehicles*

# PETITION FOR REVIEW

The California Department of Motor Vehicles (DMV) petitions for review under 28 U.S.C. §§ 2342(1) and 2344, Federal Rule of Appellate Procedure 15(a), and District of Columbia Circuit Rule 15, of the Federal Motor Carrier Safety Administration's (FMCSA) January 7, 2026 Final Determination of Substantial Noncompliance finding that DMV is purportedly not complying with the standards for issuing non-domiciled commercial driver's licenses and commercial learner's permits set forth in 49 C.F.R. § 384.212(a). FMCSA's notice advised DMV that under 49 U.S.C. § 31312(c)(1) and 49 C.F.R. § 384.401(a), FMCSA will withhold National Highway Performance Program and Surface Transportation Block Grant Program funds totaling approximately $158 million beginning in fiscal year 2027 that would otherwise be apportioned to the State of California under 23 U.S.C. §§ 104(b)(1) and (2), further stating that these funds are no longer available for apportionment to California. FMCSA's notice also stated that DMV may also be subject to decertification of its commercial driver's license program under 49 U.S.C. § 31312 and 49 C.F.R. § 384.405.

DMV petitions this Court for review of FMCSA's Final Determination of Substantial Noncompliance on the grounds that it is arbitrary and capricious, reflects a failure to engage in reasoned decision-making, is not supported by substantial evidence, and is otherwise contrary to law. FMCSA's determination

1

was not predicated on DMV's failure to substantially comply with federal laws and regulations, but rather DMV's decision to extend the cancellation date of approximately 20,000 commercial driver's licenses that DMV determined, as part of internal auditing undertaken in response to FMCSA's actions, did not comply with *California* law. The decision to extend was expressly made to allow DMV to re-issue CDLs to eligible drivers (as required by FMCSA's demanded corrective actions), but that was made impossible by FMCSA's insistence that DMV continue a "pause" on issuing CDLs first imposed by FMCSA in September 2025 and reiterated in its January 7, 2026 Final Determination. FMCSA's Final Determination was issued because the license cancellation date required by California law was not completed on FMCSA's preferred timeline.

Petitioner seeks this Court's review under the Hobbs Administrative Orders Review Act. 28 U.S.C. § 2342(3)(A) (the "court of appeals . . . has exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part), or to determine the validity of . . . final orders of . . . the Secretary of Transportation issued pursuant to . . . chapter 313 . . . title 49" of the Code of Federal Regulations). Because FMCSA issued it Final Determination of Substantial Noncompliance on January 7, 2026, this petition for review is timely. 28 U.S.C. § 2344 (60 days to file petition for review). Venue is proper under 28 U.S.C. § 2343.

A copy of FMCSA's January 7, 2026 Notice of Final Determination of Substantial Noncompliance is attached as Exhibit A.

Dated: February 4, 2026

Respectfully submitted,

_/s/ Jay C. Russell_

Rob Bonta
  *Attorney General of California*
Thomas S. Patterson
  *Senior Assistant Attorney General*
R. Matthew Wise
Seth E. Goldstein
  *Supervising Deputy Attorneys General*
Jay C. Russell
  *Deputy Attorney General*
  *Attorneys for Petitioner*
  *California Department of Motor Vehicles*

# STATEMENT OF RELATED CASES

Under District of Columbia Circuit Rule 28, Petitioner is informed and believes that *Rivera Lujan v. FMCSA*, No. 25-1215 (D.C. Circuit, filed Oct. 20 2025) involves the same Respondents and the same or similar issues as are presented by this Petition.

# DECLARATION OF SERVICE BY U.S. MAIL

Case Name: ***California Department of Motor Vehicles v. United States Department of Transportation; Sean Duffy, in his official capacity as Secretary of the Department of Transportation; Federal Motor Carrier Safety Administration; Derek Barrs, in his official capacity as Administrator of the Federal Motor Carrier Safety Administration***

Case No.:

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter; my business address is 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004.

On February 4, 2026, I served the attached **PETITION FOR REVIEW with Exhibit A** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Mail at San Francisco, California, addressed as follows:

1. **Greg Zerzan**
   **General Counsel**
   **U.S. Department of Transportation**
   **1200 New Jersey Avenue SE**
   **Washington, DC 20590**

2. **Jesse Elison**
   **Office of the Chief Counsel**
   **Federal Motor Carrier Safety Administration**
   **U.S. Department of Transportation**
   **1200 New Jersey Avenue SE**
   **Washington, DC 20590**

3. **Pamela Bondi**
   **Attorney General of the United States**
   **Department of Justice**
   **950 Pennsylvania Avenue NW**
   **Washington, DC 20530**

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on February 4, 2026, at San Francisco, California.

|  |  |
|---|---|
| M. Mendiola | *M. Mendiola* |
| Declarant | Signature |

SA2025305909

Exhibit A



| U.S. Department | 1200 New Jersey Avenue, S.E. |
| --- | --- |
| of Transportation | Washington, D.C. 20590 |

**Federal Motor Carrier**
**Safety Administration**

January 7, 2026

<u>Via Electronic Mail and UPS</u>
The Honorable Gavin Newsom
Governor of California
1021 O Street, Suite 9000
Sacramento, CA 95814

Mr. Steve Gordon, Director
California Department of Motor Vehicles
2415 1st Avenue
Mail Station F101
Sacramento, CA 95818

## NOTICE OF FINAL DETERMINATION OF SUBSTANTIAL NONCOMPLIANCE

Dear Governor Newsom and Mr. Gordon:

The U.S. Department of Transportation's Federal Motor Carrier Safety Administration (FMCSA or Agency) served the State of California a Preliminary Determination of Noncompliance (Preliminary Determination) in accordance with 49 CFR § 384.307(b) on September 26, 2025. The Preliminary Determination proposed a finding that the California Department of Motor Vehicles (DMV) has failed to meet the requirement for substantial compliance with the standards for issuing non-domiciled commercial learner's permits (CLPs) and commercial driver's licenses (CDLs)[1] set forth in 49 CFR § 384.212 and the standards for certain Commercial Driver's License Information System (CDLIS) reporting requirements in 49 CFR § 384.225.[2]

---

[1] FMCSA notes that California issues non-domiciled CLPs and CDLs as "limited term" CLPs and CDLs. However, this final determination uses the term "non-domiciled" CLPs and CDLs to ensure consistent terminology with Federal regulations.

[2] On September 29, 2025, FMCSA issued an interim final rule (IFR) amending Federal regulations in 49 CFR parts 383 and 384 applicable to State Driver's Licensing Agencies' (SDLAs) issuance of non-domiciled CLPs and CDLs. *See* Restoring Integrity to the Issuance of Non-Domiciled Commercial Drivers Licenses, 90 Fed. Reg. 46509 (Sept. 29, 2025). On November 13, 2025, the U.S. Court of Appeals for the District of Columbia Circuit issued an Order in *Lujan v. FMCSA*, Case No. 25-1215, staying the effective date of the IFR pending court review. Because the transactions at issue occurred prior to publication of the IFR, the regulations cited in this final determination of noncompliance reflect the pre-IFR text of parts 383 and 384, specifically the 2024 edition of Title 49 of the Code of Federal Regulations, which is currently in effect.

FMCSA reviewed California's "Response to the September 26, 2025, Letter Regarding Commercial Learning Permit and Commercial Driver's License Issuance," which DMV submitted on October 26, 2025, convened an informal conference with DMV officials on October 30, 2025 and engaged in email and telephonic communications with DMV officials on November 5 and 6, 2025. DMV informed FMCSA that it took initial steps to rescind approximately 17,000 noncompliant non-domiciled CLPs and CDLs. On November 13, 2025, FMCSA issued a Conditional Determination reiterating that DMV's failure to complete, or undue delay in completing, the required corrective actions as set forth in the Preliminary Determination, including immediate rescission of all noncompliant non-domiciled CLPs and CDLs, would result in FMCSA issuing a Final Determination of Substantial Noncompliance.[3] Specifically, FMCSA's Conditional Determination was predicated on DMV's corrective actions—primarily, the timely rescission of approximately 17,000 noncompliant non-domiciled CLPs and CDLs.

On December 10, 2025, DMV submitted a "Response to November 13, 2025 Conditional Determination Regarding Non-Domiciled Commercial Driver's License and Learning Permits Issuance," which stated, among other things, that DMV issued cancellation notices to approximately 17,400 drivers and the cancellations would be effective on January 5, 2026. However, on December 30, 2025, contrary to the mutually agreed upon date with FMCSA, DMV unilaterally informed the public that noncompliant non-domiciled CLPs and CDLs that were due to be cancelled on January 5, 2026 would not be cancelled until March 6, 2026.[4] FMCSA subsequently reiterated to DMV that any extension was not approved and that failure or delay in the implementation of the required corrective actions would be contrary to the corrective action plan.

After considering DMV's responses and its failure to adhere to the schedule for corrective action, FMCSA makes this Final Determination of Substantial Noncompliance with the standards for issuing non-domiciled CLPs and CDLs set forth in 49 CFR § 384.212(a). FMCSA considered DMV's implemented and planned corrective actions and determined that they are inadequate to correct the deficiencies noted in the Preliminary Determination because they were not implemented on a schedule mutually agreed upon by the Agency and the State. FMCSA makes this final determination in accordance with 49 CFR §§ 384.307(d) and 384.309(a)(2). Accordingly, pursuant to 49 U.S.C. § 31314(c)(1) and 49 CFR § 384.401(a), FMCSA is withholding four percent of the National Highway Performance Program and the Surface Transportation Block Grant Program funds beginning in Fiscal Year (FY) 2027 that would

---

[3] The September 26, 2025 Preliminary Determination and the November 13, 2025 Conditional Determination letters are incorporated by reference into this Final Determination of Substantial Noncompliance.

[4] *Important Changes to Limited-Term Legal Presence CDL Requirements*, State of California DMV, https://www.dmv.ca.gov/portal/important-changes-to-limited-term-legal-presence-cdl-requirements (last visited Jan. 7, 2026); *California DMV Extends Date of Nondomiciled CDL Action*, State of California DMV, https://www.dmv.ca.gov/portal/news-and-media/california-dmv-extends-date-of-nondomiciled-cdl-action (last visited Jan. 7, 2026).

otherwise be apportioned to California under 23 U.S.C. §§ 104(b)(1) and (2), which totals approximately $158,318,508.[5,6]

I. Background[7]

FMCSA initiated an annual program review (APR) of DMV's CDL program in August 2025 in accordance with 49 U.S.C. § 31311 and 49 CFR § 384.307. As set forth in the Preliminary Determination and restated in the Conditional Determination, of the non-domiciled driver records sampled during the 2025 APR, FMCSA found that approximately 25 percent failed to comply with requirements in 49 CFR parts 383 and 384. Accordingly, the September 26, 2025 Preliminary Determination proposed a finding that DMV failed to meet the requirement for substantial compliance with the standards for issuing non-domiciled CLPs and CDLs set forth in 49 CFR § 384.212. Specifically, FMCSA found that DMV issued non-domiciled CLPs or CDLs with an expiration date that exceeded the expiration of the driver's lawful presence documents and issued non-domiciled CLPs or CDLs to citizens of Mexico who were not present in the United States under the Deferred Action for Childhood Arrivals (DACA) program—drivers who are per se ineligible to hold a non-domiciled CDL. FMCSA also found that DMV failed to comply with the requirements for substantial compliance with 49 CFR § 384.225 because DMV issued "temporary" non-domiciled CLPs and CDLs to drivers without first validating the driver's lawful presence and without reporting issuance of the temporary credentials to CDLIS. FMCSA found that the repeated errors discovered during the 2025 APR evinced an unacceptable deviation from FMCSA's regulations when issuing non-domiciled CLPs and CDLs and indicated a systemic breakdown in DMV's issuance process for non-domiciled CLPs and CDLs. Accordingly, as set forth in the Preliminary Determination, FMCSA determined that DMV must take the following immediate corrective actions:

- Immediately pause issuing non-domiciled CLPs and CDLs;
- As soon as practicable, identify all unexpired non-domiciled CLPs and CDLs that were issued not in compliance with parts 383 and 384;
- Conduct an internal audit to identify all procedural and programming errors; training and quality assurance problems; insufficient policies and practices; and other issues that have resulted in widespread noncompliance in issuing non-domiciled CLPs and CDLs;
- Notify FMCSA of the audit findings and the number of unexpired noncompliant non-domiciled CLPs and CDLs;
- Take immediate action to correct the deficiencies identified in DMV's internal audit and in the Preliminary Determination;
- Take immediate action to void or rescind all unexpired noncompliant non-domiciled CLPs and CDLs and reissue the licenses in accordance with parts 383 and 384 in effect at the time of the reissuance;

---

[5] FMCSA calculates this amount based on FY 2026 funding levels.

[6] 49 U.S.C. § 31314(d), 49 CFR § 384.403.

[7] The relevant statutory and regulatory authorities are set forth in the Preliminary Determination and Conditional Determination letters and are not repeated in this final determination.

3

- Resume issuing non-domiciled CLPs and CDLs only after the State ensures that all statutes, regulations, administrative procedures and practices, organizational structures, internal control mechanisms, resource assignments (facilities, equipment, and personnel), and enforcement practices meet each and every standard of subpart B of 49 CFR part 384 and 49 U.S.C. § 31311.

On October 26, 2025, DMV provided a "Response to the September 26, 2025, Letter Regarding Commercial Learning Permit and Commercial Driver's License Issuance" (October Response). DMV's October Response described the corrective actions that DMV had implemented or intended to implement. DMV's October Response also argued that no regulations in 49 CFR parts 383 and 384 required the State to issue non-domiciled CLPs and CDLs with an expiration date that did not exceed the expiration date of the driver's lawful presence documents and that FMCSA's pre-IFR regulations did not prohibit DMV from issuing non-domiciled CLPs or CDLs to citizens of Mexico and Canada who are not present in the United States under the DACA program.

On October 30, 2025, FMCSA convened an informal conference with Director Gordon and other DMV representatives to provide California an opportunity to inform FMCSA of its implemented or planned corrective actions, as well as to present or to discuss any other information for FMCSA's consideration. Further, through email and telephonic communications that occurred on November 5 and 6, 2025, DMV provided information about its action to rescind approximately 17,000 noncompliant non-domiciled CLPs and CDLs. In this regard, DMV stated that it initiated State proceedings to rescind approximately 17,000 noncompliant non-domiciled CLPs and CDLs where the license expiration exceeded the drivers' lawful presence documents. DMV provided FMCSA with a template of its Notice of Commercial Driver's License (CDL) Cancellation, stating that it was sent to approximately 17,000 recipients. The cancellation notice informed the drivers that DMV will cancel their CDLs 60 days from the date of the letter. DMV further stated that it would continue to review all non-domiciled CLPs and CDLs and anticipated completion by November 15, 2025.

FMCSA issued the Conditional Determination on November 13, 2025 based on DMV's representation that it initiated proceedings to rescind approximately 17,000 noncompliant non-domiciled CLPs and CDLs within 60 days, which would have been on or around January 5, 2026. The Conditional Determination reiterated that the Agency appropriately issued the Preliminary Determination, and that DMV did not demonstrate substantial compliance with the standards for issuing non-domiciled CLPs and CDLs. The Conditional Determination accepted DMV's corrective action of rescinding approximately 17,000 noncompliant non-domiciled CLPs and CDLs *within the mutually agreed-upon 60-day timeframe*. The Conditional Determination also emphasized, among other requirements, that the timely rescission of all unexpired non-domiciled CLPs and CDLs that failed to meet the requirements of parts 383 and 384, as interpreted by FMCSA, at the time of issuance is critically important to the overall framework of the required corrective action plan. As outlined in the Conditional Determination, "DMV's failure to rescind and reissue all noncompliant non-domiciled CLPs and CDLs, including those issued to citizens of Canada and Mexico not present under the DACA program, will render its overall corrective action plan materially deficient and wholly inadequate to correct the deficiencies noted in the Preliminary Determination."

The Conditional Determination also noted that the corrective action plan set forth in the Preliminary Determination required DMV to pause all non-domiciled CLP and CDL issuances immediately but that DMV failed to do so by continuing to upgrade non-domiciled CDLs by removing the K (intrastate only) restriction from the licenses of drivers upon their 21st birthday.[8] The Conditional Determination further informed DMV that its failure to implement, or undue delay in implementing, the required corrective actions would result in FMCSA issuing a Final Determination of Substantial Noncompliance and withholding up to four percent of certain Federal-aid Highway funds as well as possibly decertifying of California's CDL program. At no time did FMCSA approve an extension of the mutually agreed-upon January 5, 2026 cancellation date for the 17,000 noncompliant non-domiciled CDLs.

On December 10, 2025, DMV submitted a "Response to November 13, 2025 Conditional Determination Regarding Non-Domiciled Commercial Driver's License and Learning Permits Issuance" (December Response). As explained in Section II below, DMV's December Response described its corrective action plan and asserted that it has complied with FMCSA's corrective action requests. DMV explained that it issued notices to approximately 17,400 drivers, stating that it would cancel their non-domiciled CDL in 60 days if they could not present evidence of lawful presence meeting or exceeding the expiration date of their CDL. DMV's December Response explained that the 60-day period provided in the November 6, 2025 cancellation notices would expire on January 5, 2026. DMV stated that any remaining non-compliant licenses that were noticed on November 6, 2025 would be canceled and recorded in CDLIS on January 5, 2026.

FMCSA and DMV representatives continued to communicate, allowing California an opportunity to inform FMCSA of its implemented or planned corrective actions, as well as discuss DMV's license issuance process. On December 24, 2025, DMV informed FMCSA that the recission date of January 5, 2026 needed to be changed to March 6, 2026. On December 30, 2025, without reaching a mutually agreed upon date with FMCSA other than January 5, 2026, DMV unilaterally informed the public that noncompliant non-domiciled CLPs and CDLs that were due to be cancelled on January 5, 2026 would not be cancelled until March 6, 2026. FMCSA subsequently reiterated to DMV that an extension was not approved and that failure or delay in the implementation of the required corrective actions would be contrary to the corrective action plan.

## II. California's December Response to FMCSA's Conditional Determination and Corrective Actions

FMCSA's Preliminary Determination set forth specific corrective actions DMV must undertake to avoid having amounts withheld from Highway Trust Fund apportionment under 49 U.S.C. § 31314 and to avoid CDL program decertification under 49 U.S.C. § 31312. The required corrective actions centered on DMV immediately pausing issuance of non-domiciled CLPs and CDLs; identifying non-domiciled CLPs and CDLs that were not issued in accordance with

---

[8] The Conditional Determination cited a transaction that occurred on October 15, 2025, when DMV upgraded the non-domiciled CDL of a driver by removing the K restriction. The Conditional Determination went on to state that on October 21, 2025, this driver operated a semi-truck on a California freeway, struck a queue of stopped vehicles, and fatally injured three people and that the crash may have been avoided if California had complied with the corrective action of pausing non-domiciled CDL issuance required in the Preliminary Determination.

FMCSA's standards; conducting an internal audit to identify the reasons for noncompliance and notifying FMCSA of its findings; immediately acting to correct the deficiencies identified in the internal audit; acting to void or rescind all unexpired noncompliant non-domiciled CLPs and CDLs; and reissuing the licenses subject to the standards in parts 383 and 384 in effect at the time of the reissuance.[9] DMV would be permitted to resume non-domiciled CLP and CDL issuance only after becoming able to meet each and every standard of subpart B of part 384 and 49 U.S.C. § 31311.[10] Under 49 CFR § 384.307(c), DMV's corrective action must be adequate to correct the deficiencies noted in the Preliminary Determination and must be implemented on a schedule mutually agreed upon by FMCSA and DMV.

In its December Response, DMV continued to assert that FMCSA's regulations did not require California to issue non-domiciled CLPs and CDLs with an expiration date that did not exceed the expiration date of the driver's lawful presence documents, though DMV acknowledged that California State law includes such a requirement. DMV continued to argue that it interprets 49 CFR § 383.23(b)(1) to permit issuance of non-domiciled CLPs and CDLs to citizens of Mexico and Canada so long as they do not have a license from those jurisdictions and present the documentation required under 49 CFR §§ 383.71(f) and 383.73(f). The December Response also disputes FMCSA's interpretation of the regulations that the removal of a K (intrastate only) "restriction" is an upgrade and contends that it did not fail to pause issuance of non-domiciled CLPs and CDLs immediately.[11] FMCSA previously addressed these arguments in the Preliminary Determination and in the Conditional Determination and reaffirms the Agency's positions set forth therein.

In addition, DMV's December Response recites the corrective actions that it has implemented or intends to implement. DMV explained that upon receipt of the Preliminary Determination, it complied with the corrective action requiring an immediate pause in issuing non-domiciled CLPs and CDLs and that no non-domiciled CLPs or CDLs have been issued since FMCSA's September 26, 2025 letter. Yet, DMV goes on to state that it ceased automatically removing the K restriction from all CDLs on October 30, 2025 and that it reinstated the K restrictions it had removed. DMV also reported that it completed an audit of approximately 65,000 records of non-domiciled CDL holders and has identified all unexpired non-domiciled CDLs that were issued out of compliance with parts 383 and 384. In this regard, DMV advised that it identified approximately 20,100 non-domiciled CDLs where the expiration date on the CDL exceeded the driver's legal presence documentation at the time of issuance, and further identified approximately 1,600 CDLs that were issued to Mexican and Canadian nationals who were not

---

[9] Preliminary Determination at Sec. IV.

[10] *Id*.

[11] DMV states that FMCSA did not convey the Agency's position that removal of a "K" restriction constitutes an upgrade until October 23, 2025. However, under 49 CFR part 383, in effect at the time California lifted the restriction, removal of a restriction that would result in an *expansion* of the license holder's driving privileges, such as removal of the "K" intrastate only restriction, was an upgrade. This was not a new position. At the time the upgrade occurred, the corrective action plan required DMV to pause all non-domiciled CLP and CDL issuances. If California had complied with the corrective action of pausing non-domiciled CDL issuance required in the Preliminary Determination, the driver, supra note 8, would not have held an interstate CDL, and the crash may have been avoided. As stated in the Conditional Determination, DMV upgraded this driver's non-domiciled CDL without applying the standards of the IFR, which was in effect at the time the upgrade occurred. If DMV had applied the standards of the IFR, as required at the time, the driver would have been ineligible for a non-domiciled CDL.

present in the United States under the DACA program and, therefore, were ineligible to hold a non-domiciled CDL. DMV also stated that it would send the 1,600 Mexican and Canadian non-domiciled CDL holders who are not present under DACA 60-day cancellation notices on December 15, 2025, which would have been effective on February 13, 2026.

Further, regarding DMV's practice of issuing temporary non-domiciled CLPs or CDLs before validating the driver's lawful presence, DMV notes that those temporary CLPs and CDLs in effect as of September 26, 2025 have expired, because those credentials were only valid for a maximum of 60 days. DMV also notes that DMV has stopped issuing temporary CLPs and CDLs for both standard and non-domiciled CDLs.

Moreover, DMV advised that it audited its procedures and systems and identified various programming and computer errors that resulted in the deficiencies FMCSA outlined in its Preliminary Determination letter. More specifically, DMV explained that DMV system automation resulted in the faulty calculation of non-domiciled CDL expiration dates. DMV explained that it issued non-domiciled credentials to non-DACA Mexican and Canadian citizens because it misunderstood FMCSA's determination that States may not issue a non-domiciled CLP or CDL to citizens of Mexico or Canada, because FMCSA has determined that the Canadian Provinces and Territories and the United Mexican States issue CDLs in accordance with standards that are consistent with 49 CFR part 383.[12] DMV attributes its issuance of temporary or interim credentials to California law and field office procedure. DMV pledged to update and end these practices and described its efforts to correct these deficiencies.

In its December Response, DMV confirmed that it issued cancellation notices to approximately 17,400 drivers on November 6, 2025, informing the drivers that it would cancel their CDLs in 60 days if they could not present evidence of their lawful presence meeting or exceeding the expiration date of their CDLs. DMV explained that the 60-day period provided in the cancellation notices would expire on January 5, 2026. DMV stated that any remaining non-compliant licenses that were noticed on November 6, 2025 would be canceled and recorded in CDLIS on January 5, 2026.

Following the December Response, FMCSA and DMV representatives continued to communicate, allowing DMV an opportunity to inform FMCSA of its implemented or planned corrective actions, as well as to discuss DMV's license issuance process. On December 18, 2025, FMCSA advised DMV that any extension of the initial January 5, 2026 revocation deadline must be submitted in writing, because this would deviate from the commitment outlined in the December Response. In a December 22, 2025 follow-up email, FMCSA explicitly asked DMV whether it changed its position on license cancellations or whether cancellations will be effective January 5, 2026, as initially communicated. FMCSA again directed DMV to notify FMCSA in writing of a proposed extension of the deadline. On December 24, 2025, DMV informed FMCSA that due to ongoing dialogue between DMV and FMCSA, the recission date of January 5, 2026 would need to be changed. DMV subsequently advised that it would move the cancellation date to March 6, 2026, to allow time for the parties to work through the compliance process and FMCSA's requested follow-up inquiries.

---

[12] *See* 49 CFR §§ 383.23, fn. 1; 383.71(f)(1)(i); and 383.73(f)(1).

On December 30, 2025, DMV unilaterally informed the public that noncompliant non-domiciled CLPs and CDLs that were due to be cancelled on January 5, 2026 would not be cancelled until March 6, 2026.[13] DMV advised the public that impacted drivers will receive letters shortly informing them of the extension.[14] DMV did so without assent from FMCSA. In an email on the same date, FMCSA advised DMV that an extension to March 6, 2026 was unacceptable because extending the timeline for the cancellation of improperly issued CLPs and CDLs is a continuing safety concern. The following day, DMV responded that it did not initially receive a response to its December 24, 2025 proposed extension. Rather than following up with FMCSA by email or requesting a meeting, as DMV has done in the past, DMV instead decided to issue a press release informing the public of the extension to March 6, 2026. To date, DMV has not issued a retraction of its December 30, 2025 press release.

Regarding the actions DMV has taken as outlined above and the others it committed to take in the December Response, FMCSA acknowledges DMV's attempts at coming into compliance with FMCSA's designated corrective actions. However, as stated in the Conditional Determination, DMV cannot demonstrate substantial compliance with the standards for issuing non-domiciled CLPs and CDLs until it has completed the required corrective actions within the mutually agreed-upon schedule. Prior to FMCSA issuing the Conditional Determination, DMV explicitly stated that it sent the cancellation notices to approximately 17,000 recipients on September 6, 2025, with a deadline on January 5, 2026. These letters were material to the Agency's decision to issue the Conditional Determination because they demonstrated DMV's prompt corrective action to an identified issue. In the December Response, DMV confirmed the deadline date, indicating continued progress toward compliance. However, two weeks later, without seeking approval from FMCSA about its proposed extension, DMV attempted to independently change a key term of its corrective action plan and the mutually agreed upon timeline; and did so, in a press release. DMV moved the anticipated deadline two months later to March 6, 2026.

Moreover, DMV's January 5, 2026 commitment to rescind the noncompliant non-domiciled credentials was not the only commitment to corrective action DMV has failed to deliver upon. In DMV's December Response, DMV asserted that "the 60-day period for the non-domiciled CDL cancellation notices scheduled to be sent on December 15, 2025, will expire on February 13, 2026."[15] FMCSA has discovered the following language in an FAQ heralding a "60-Day Extension for Approximately 17,000 Nondomiciled CDLs" on DMV's website: question, "When will DMV cancel my CDL?"[16] Response, "DMV is extending the cancellation dates of January

---

[13] *Important Changes to Limited-Term Legal Presence CDL Requirements*, State of California DMV, https://www.dmv.ca.gov/portal/important-changes-to-limited-term-legal-presence-cdl-requirements (last visited Jan. 7, 2026); *California DMV Extends Date of Nondomiciled CDL Action*, State of California DMV, https://www.dmv.ca.gov/portal/news-and-media/california-dmv-extends-date-of-nondomiciled-cdl-action (last visited Jan. 7, 2026).

[14] *Id.*

[15] December Response, at 7.

[16] *Important Changes to Limited-Term Legal Presence CDL Requirements*, State of California DMV, https://www.dmv.ca.gov/portal/important-changes-to-limited-term-legal-presence-cdl-requirements (last visited Jan. 7, 2026).

5, 2026 and February 13, 2026 to close of business, March 6, 2026."[17] DMV failed to mention in its correspondence with FMCSA between December 18 and 31, 2025 that it also planned to extend the cancellation dates of additional drivers whose non-domiciled CDLs were scheduled to be cancelled on February 13, 2026. FMCSA opposes this extension as well and urges DMV, as an important safety partner, to honor its initial commitments to complete these vital corrective actions by the dates that FMCSA and DMV mutually agreed upon, January 5 and February 13, 2026, respectively.

FMCSA acknowledges that DMV has implemented or indicates that it plans to implement some of the corrective actions required in the Preliminary Determination. However, as DMV is aware, the rescission and reissuance of all unexpired noncompliant non-domiciled CLPs and CDLs in accordance with parts 383 and 384, in effect at the time of reissuance, is critically important to the overall framework of the required corrective action plan. DMV acknowledges that more than 65,000 drivers held a California-issued non-domiciled CLP or CDL. Of those, DMV identified approximately 20,100 non-domiciled CDLs that expire past the date of the driver's legal presence at the time of license issuance; and of those, 17,400 were scheduled to be cancelled on January 5, 2026, with a remaining 2,700 scheduled to be cancelled on February 13, 2026. As FMCSA has already noted, these corrective actions were the basis for FMCSA's issuance of a Conditional Determination, a mutual recognition that DMV was moving toward coming into compliance with parts 383 and 384, while acknowledging DMV has more work to do.[18]

DMV is well aware of its obligation to not only provide documentation of corrective action as required by the Agency, but that corrective action must be adequate to correct the deficiencies noted in the program review and be implemented on a schedule mutually agreed upon by the Agency and the State.[19] DMV failed to implement the crucial corrective action of rescinding and reissuing the licenses in accordance with 49 CFR § 384.212, FMCSA and DMV's mutually agreed upon timeline, and DMV's own commitments. Instead, DMV unilaterally extended the timeline for cancellation of improperly issued CLPs and CDLs, flouted the mutually agreed upon terms of the State's corrective action, and is in substantial non-compliance with parts 383 and 384. As a result, thousands of drivers continue to hold noncompliant California-issued non-domiciled CLPs or CDLs. This is unacceptable and a significant safety risk. Because DMV has failed to undertake the necessary step of rescinding and reissuing noncompliant non-domiciled CLPs and CDLs, as promised and agreed upon, FMCSA determines that DMV's corrective actions undertaken thus far are inadequate to correct the deficiencies noted in the Preliminary Determination.

---

[17] *Id.*

[18] FMCSA has repeatedly requested an audit report identifying every driver to whom DMV has issued a non-compliant CLP or CDL. However, DMV only agreed to provide a sample of the identified drivers, which is inadequate for FMCSA to verify compliance. FMCSA also requested details to verify that DMV did not issue any non-domiciled CLPs or CDLs between September 29, and October 28, 2025, but DMV refused to provide details to demonstrate compliance during this period. Furthermore, DMV has not provided the required details regarding the approximately 2,000 drivers who achieved U.S. citizenship or permanent residency prior to the January 5, 2026 deadline, the sustainability of DMV's short-term solution, or realistic timeframes for implementation of the long-term programmatic changes.

[19] 49 CFR 384.307(c).

### III. Withholding of Funds Based on Noncompliance

FMCSA determines that DMV has failed to meet the requirement for substantial compliance with the standards for issuing non-domiciled CLPs and CDLs set forth in 49 CFR § 384.212 and the standards for reporting "temporary" or "interim" non-domiciled CLP and CDL issuance to CDLIS in 49 CFR § 384.225. Accordingly, pursuant to 49 U.S.C. § 31314(c)(1) and 49 CFR § 384.401(a), FMCSA is withholding four percent of the National Highway Performance Program and the Surface Transportation Block Grant Program funds beginning in Fiscal Year (FY) 2027 that would otherwise be apportioned to California under 23 U.S.C. §§ 104(b)(1) and (2), which totals approximately $158,318,508. Under 49 U.S.C. § 31314(d) and 49 CFR § 384.403, funds withheld following a substantial noncompliance determination are no longer available for apportionment to California. Further, DMV may also be subject to decertification of its CDL program in accordance with 49 U.S.C. § 31312 and 49 CFR § 384.405.

If DMV persists in substantial noncompliance with the standards set forth in 49 CFR §§ 384.212 and 384.225 in subsequent years, FMCSA may withhold up to eight percent of the National Highway Performance Program and the Surface Transportation Block Grant Program funds beginning in Fiscal Year (FY) 2028 that would otherwise be apportioned to California under 23 U.S.C. §§ 104(b)(1) and (2), which totals approximately $316,637,016.[20]

### IV. Conclusion

FMCSA is deeply disappointed by DMV's failure to implement *all* required corrective actions set forth in the Preliminary Determination. The withholding of Federal funds is the direct and necessary consequence of California's own actions and its demonstrated disregard for Federal safety standards. The Agency remains committed to working with DMV officials to bring California's CDL program into substantial compliance to ensure that further withholding of funds or decertification of California's CDL program is unnecessary.

Please direct all questions regarding this Notice to Philip Thomas, Deputy Associate Administrator for Safety, at philip.thomas@dot.gov.

Sincerely,

Derek D. Barrs
Administrator

---

[20] FMCSA calculates this amount based on FY 2026 funding levels.