No. 26-1027

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

———————————

CALIFORNIA DEPARTMENT OF MOTOR VEHICLES,

PETITIONER,

v.

UNITED STATES DEPARTMENT OF TRANSPORTATION; SEAN DUFFY, in his official capacity as Secretary of the Department of Transportation; FEDERAL MOTOR CARRIER SAFETY ADMINISTRATION; DEREK BARRS, in his official capacity as
Administrator of the Federal Motor Carrier Safety Administration,

RESPONDENTS.

———————————

## UNOPPOSED MOTION TO SET SCHEDULE FOR BRIEFING AND ARGUMENT

———————————

ROB BONTA
 *Attorney General of California*
THOMAS S. PATTERSON
 *Senior Assistant Attorney General*
R. MATTHEW WISE
SETH E. GOLDSTEIN
 *Supervising Deputy Attorneys General*

KRISTEN C.A. KIDO
SHIWON CHOE
BARBARA HORNE-PETERSDORF
JOSEPH H. MEEKER
DAVID S. GREEN
JAY C. RUSSELL
 *Deputy Attorneys General*
STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 510-3617
Fax: (415) 703-5480
Jay.Russell@doj.ca.gov
 *Attorneys for Petitioner California Department of Motor Vehicles*

Under Federal Rule of Appellate Procedure 31(a)(2), petitioner California Department of Motor Vehicles (DMV) respectfully files this unopposed motion to set a schedule for briefing and argument of this petition. DMV seeks review of the Final Determination of Non-Compliance issued by the Federal Motor Carrier Safety Administration (FMCSA), and its accompanying pre-determination orders. The Final Determination withheld approximately $160 million of federal highway funding from the State of California beginning in Fiscal Year (FY) 2027. *See* Petition for Review (ECF No. 2157889), Ex. A at 10. FY 2027 begins October 1, 2026. Therefore, because good cause exists to ensure that the matter can be heard before funding is withheld, DMV requests that briefing be set according to the schedule outlined below, so that briefing can conclude in June 2026 and the matter can be heard on the Court's September 2026 calendar, for possible resolution before October 1, 2026. DMV conferred with counsel for Respondents, and Respondents have agreed to the schedule proposed herein.

1. This case concerns, in part, the allocation of funds from the federal Highway Trust Fund. Under 23 U.S.C. § 104, the Secretary of Transportation is required to apportion percentages of the expenses appropriated from the Highway Trust Fund for the administration of the Federal Highway Administration to each State according to a statutory schedule. *See also id.* § 104(c). Those allocations fund state programs designed to improve highway safety under, *inter alia*, the

1

National Highway Performance Program (NHPP) and the Surface Transportation Block Grant Program (STBGP). *See id.* § 104(b)(1), (b)(2). For FY 2027, and based on this statutory funding schedule, California would receive approximately $160 million in NHPP and STBGP funding. *See, e.g.* ECF No. 2157889, Ex. A, at 10; Decl. of Keith Duncan ISO Pet's. Mot. for Stay (ECF No. 2158053) ¶¶ 4-5 (describing California Department of Transportation's (Caltrans) planned use of NHPP and STBGP funds). Those funds support Caltrans's State Highway Operation and Protection Program, which invests in capital improvements "that are necessary to preserve and protect [California's] highway system." Cal. Gov. Code § 14526.5; ECF No. 2158053, Decl. of Keith Duncan ¶ 5.

However, on January 7, 2026, FMCSA issued a Final Determination finding that DMV was not in compliance with federal requirements governing issuance of non-domiciled commercial driver's licenses (CDLs).[1] ECF No. 2157889, Ex. A. Through that Final Determination, FMCSA withheld the funds that otherwise would have been allocated to California under the NHPP and STBGP programs. *Id.* at 10. The governing regulation provides that this funding will be withheld "on the first day of the fiscal year following such State's first year of noncompliance." 49 C.F.R. § 384.401. Accordingly, pursuant to the Final Determination, the

---

[1] A "non-domiciled" CDL can be issued in lieu of a standard CDL to a person domiciled in a foreign country or in a State other than the State issuing the CDL. 49 C.F.R. § 383.5.

Department of Transportation will withhold nearly $160 million of federal highway funds from the State of California on October 1, 2026.

DMV filed this petition for review on February 4, 2026, challenging the Final Determination and its attendant pre-determination orders as arbitrary and capricious, and *ultra vires*. *See* ECF No. 2157889. DMV moved for a stay of FMCSA's enforcement actions related to DMV's non-domiciled CDL program pending this Court's review. ECF No. 2158053. That motion was denied on March 2, 2026. ECF No. 2161537. As such, FMCSA will withhold federal highway funding on October 1, 2026. Once funding is withheld, it is unavailable for apportionment. 49 C.F.R. § 384.403 ("Federal-aid highway funds withheld from a State under § 384.401(a) or (b) of this subpart shall not thereafter be available for apportionment to the State.").

The deprivation of that funding will prevent California from funding critical highway infrastructure initiatives like repairs to public roadways, bridges, drainage systems critical to flood risk mitigation, and other improvements to protect traffic and pedestrian safety. *See* ECF No. 2158053, Decl. of K. Duncan. Thus, California will suffer considerable loss of critical infrastructure resources if the start of the 2027 fiscal year passes before this matter is heard. *See, e.g., Harris Cnty., Texas v. Kennedy*, 786 F. Supp. 3d 194, 219 (D.D.C. 2025) (recognizing harm to local governments by the loss of federal funding where, *inter alia,* the loss

3

of funding would require them to "suspend other operations that the grants were intended to promote.").

2.  Under these circumstances, there is good cause to set a briefing and argument schedule that will enable this Court to review FMCSA's orders prior to October 1, 2026.  *See* Fed. R. App. P. 31(a)(2).  Proceeding according to a standard briefing schedule in this matter may result in an argument date *after* the start of the new fiscal year.  The Court's Docketing Order requires Respondents to file a Certified Index to the Record on March 23, 2026.  ECF No. 2157893.  Under Federal Rules of Appellate Procedure Rule 31, an appellant's principal brief is due 40 days after the record is filed; a responsive brief must be filed 30 days thereafter; and a reply 21 days after that.  *See* Fed. R. App. P. 31(a)(1).  In addition, because the parties have determined to use a Deferred Appendix under Federal Rule of Appellate Procedure 30, final briefs would be due two weeks after the reply.  *See id.* 30(c)(2)(B).  In this matter, therefore, DMV's opening brief would be due May 4, 2026 (*see also id.* 26(a)(1)(C)); Respondents' brief would be due the beginning of June; the reply at the end of June, and the final briefs in mid-July.  On that schedule, the Court would not likely be able to hear argument in the case until

sometime in October.[2]  Advancing the briefing and argument schedule by a matter of weeks could avoid this outcome.

Accordingly, DMV proposes the following deadlines:

- Petitioner's Opening Brief:  April 22, 2026
- Respondents' Brief:  May 22, 2026
- Petitioner's Reply:  June 12, 2026
- Final Briefs:  June 26, 2026

DMV also requests that the petition be set for oral argument at the earliest available date in the Court's September 2026 session.

3.  Counsel for DMV contacted Respondents' counsel on March 18, 2026. The schedule proposed herein was developed in conference with Respondents' counsel, and Respondents indicated they do not oppose this motion.

---

[2] On March 13, 2026, counsel for DMV spoke with the calendar clerk of Court to discuss the typical scheduling procedure for oral argument.  The clerk explained that when briefing is complete in July, the earliest a case can be heard is October.  For a case to be heard on the September calendar, the clerk recommended briefing be complete by June.

Dated:  March 24, 2026

Respectfully Submitted,

ROB BONTA
  *Attorney General of California*
THOMAS S. PATTERSON
  *Senior Assistant Attorney General*
R. MATTHEW WISE
SETH E. GOLDSTEIN
  *Supervising Deputy Attorneys General*


 */s/ Jay C. Russell*

JAY C. RUSSELL
  *Deputy Attorney General*

  *Attorneys for Petitioner California*
  *Department of Motor Vehicles*

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g)(1), I certify that:

1.  This document complies with the type-volume limitations of Fed. R. App. P. 27(d)(2)(A) because, excluding parts of the document exempted by Fed. R. App. P. 32(f), the brief contains 1,003 words and thus does not exceed the 5,200 word limit.

2.  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(b) because the brief has been prepared in proportionally spaced typeface using Microsoft Word word-processing system in Times New Roman that is at least 14 points.

Dated: March 24, 2026

*/s/ Jay C. Russell*

JAY C. RUSSELL

**CERTIFICATE OF SERVICE**

I hereby certify that on this March 24, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the D.C. Circuit using the appellate CM/ECF system. Counsel for all parties to the case are registered CM/ECF users and will be served by the appellate CM/ECF system.

Dated: March 24, 2026        */s/ Jay C. Russell*

                                             JAY C. RUSSELL